IRVING, J.,
for the Court.
¶ 1. Alex Dewon Bradley was convicted in the Circuit Court of Panola County of aggravated assault and sentenced to eight years in the custody of the Mississippi Department of Corrections. He appeals and asserts that the trial court abused its discretion by denying him his state and federal constitutional right to confront a witness against him at trial and that the trial court erred in overruling his objection to the introduction of a crime scene photograph.
¶ 2. We find no error in Bradley’s allegations; therefore, we affirm.
FACTS
¶ 3. On December 27, 2003, Bradley shot Clifton Jackson in his left leg following an argument. Bradley and Jackson were former classmates at Northwest Mississippi Community College in Senatobia, Mississippi. The dispute arose after Bradley learned that Jackson had been conversing with Bradley’s girlfriend, Cynthia Harris.[1]
¶ 4. On the day of the shooting, the men exchanged several cellular telephone calls, before agreeing to meet at a Popeyes restaurant. At trial, Jackson testified that he and Bradley agreed to meet at a Popeyes in Senatobia, Mississippi; however, Bradley testified that he told Jackson to meet him at a Popeyes in Batesville, Mississippi, where Harris was employed. When Jackson arrived at the restaurant in Senatobia, Bradley was not there, so Jackson headed back to Batesville. Jackson testified that while en route to Batesville he received a message on his cellular telephone from Bradley. Jackson claims that during the message Bradley threatened the life of Jackson’s girlfriend, Sheranda Sessum, and the couple’s newborn son. However, Bradley denied making such a threat.
¶ 5. Jackson further testified that when he returned Bradley’s call, Bradley informed him that he was in the parking lot of a Fred’s store in Batesville. Jackson stated that he agreed to meet Bradley because he thought that they were simply going to engage in a fistfight. When Jackson arrived at the Fred’s parking lot, Bradley was sitting in the driver’s seat of Harris’ vehicle.[2] Bradley had a loaded nine-millimeter handgun underneath his seat. According to Jackson, as he approached the driver’s side of the vehicle, Bradley stated that he would shoot Jackson if Jackson hit him. Jackson stated on cross-examination that “I was going to hit him or he was going to get out or something.” Notwithstanding Jackson’s intentions, it is undisputed that Jackson, who weighed around two hundred pounds at the time of the shooting, never hit Bradley, and did not have a weapon at any time during the altercation. Jackson testified that as he approached the vehicle, Bradley cocked the gun and stated, “I told you I would get you.” Bradley then fired the gun at Jackson.
¶ 6. Shaun Douglas, a passenger in Jackson’s vehicle at the time of the shooting, testified that the men began to argue and that Jackson tried to snatch the gun away from Bradley, who had it pointed at Jackson’s chest. Douglas also stated that Bradley re-positioned the vehicle in order to get a better aim at Jackson. While remaining in the vehicle, Bradley fired the gun at Jackson, striking him in the leg.
¶ 7. Bradley testified that he never intended to fight Jackson, stating that he *508 told Jackson to meet him at Popeyes so that he, Harris, and Jackson could work out their problems. However, Bradley testified that when Jackson arrived at the Fred’s parking lot, he approached Harris’ vehicle and Jackson was “ready to pull [him] out.” Bradley stated that he was “defending [his] space,” because he was afraid that he would have been severely beaten by Jackson or he would have been shot by Jackson’s brother.[3]
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Cross-Examination of Victim

¶ 8. Bradley contends that the trial court abused its discretion in limiting his cross-examination of Jackson, as reflected by the following exchange:
Q. What were you going to do?
A. He called me. He wanted to fight. I’m thinking we’re fixing to fight until he sitting in the car talking about he was going to shoot me.
Q. Were you going to jerk him out of the car and make him fight you or what?
A. I was going to hit him or he was going to get out or something.
Q. Sir?
A. Yes.
Q. Does a man in Mississippi have a right to self-defense?
[ATTORNEY FOR THE STATE]: Objection, Your Honor. .
THE COURT: Sustained.
¶ 9. Bradley contends that by sustaining the State’s objection the trial court denied him the right to confront a witness against him, in violation of the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution of 1890. The State contends that Bradley waived this issue because he failed to make a contemporaneous objection at trial. We find that the State is mistaken in this contention, for the responsibility to provide an explanation for the objection rested with the State, rather than the defense. Notwithstanding the fact that the State provided no such explanation, we find that the question was improper, as it called for a conclusion of law. Therefore, this issue is without merit.

2. Admission of Crime Scene Photograph

¶ 10. In this allegation of error, Bradley contends that the trial court admitted into evidence a photograph depicting fresh blood on the pavement of the Fred’s parking lot, in violation of the rules of evidence. Specifically, Bradley contends that the photograph was admitted in violation of Rules 401, 402, and 403.[4] Bradley argues *509 that the photograph was improperly admitted because “the proof had already been established that Mr. Jackson had been shot and that the introduction of this photograph into evidence would only go to prejudice the jury in favor of the Appel-lee.”
¶ 11. We find that the photograph is clearly relevant within the meaning of Rules 401 and 402. In addition, it appears to this Court that Bradley agrees that the photograph is relevant, as evidenced by his argument that the trial court violated Rule 403, in addition to Rules 401 and 402. We note that Rule 403 applies to only relevant evidence.
¶ 12. Mississippi law is well settled that “the admissibility of photographs rests within the sound discretion of the trial judge.” Mangum v. State, 762 So.2d 337, 344(¶ 22) (Miss.2000) (quoting Westbrook v. State, 658 So.2d 847, 849 (Miss.1995)). A trial judge’s decision to admit photographs “will not be disturbed absent an abuse of discretion.” Westbrook, 658 So.2d at 849 (citing Herring v. State, 374 So.2d 784, 789 (Miss.1979)).
¶ 13. In denying Bradley’s posttrial motion alleging that admission of the photograph constituted prejudicial error, the trial judge stated, “[i]t was simply a crime scene photograph ... it was not particularly gruesome. There was nothing prejudicial about it in the context of the trial and the testimony about a gunshot wound.” We have viewed the photograph and agree with the trial judge that it was not prejudicial to Bradley in any way. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Harris and Jackson had previously been involved in a relationship.

. Bradley was driving Harris’ vehicle because he did not own a vehicle at the time of the incident; however, Harris was not present when the shooting occurred.

. Bradley claims that an individual other than Douglas was present when the shooting occurred and that individual attempted to retrieve a gun from the trunk of Jackson’s vehicle. However, Bradley did not know this individual’s name, and the State was unable to locate him.

. Rule 401 of the Mississippi Rules of Evidence provides, “ '[rjelevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
Rule 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules. Evidence which is not relevant is not admissible.”
Rule 403 provides, "[ajlthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.”